

*U.S. Department of Justice*

*Southern District of New York*
The Silvio J. Mollo Building
*United States Attorney*

---

*One Saint Andrew's Plaza*
*New York, New York 10007*

January 29, 2008

**BY HAND**

The Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  <u>United States</u> v. <u>William Gonzalez</u>
          07 Cr. 916 (CM)

Dear Judge McMahon:

    This letter responds to the defendant's pretrial motion dated January 21, 2008.

    For the reasons set forth below, the Government consents to a hearing in order to resolve the issues presented in the defendant's motion to suppress his post-arrest statements. The Government further requests that the defendant's motion be denied insofar as it request an order compelling the Government to disclose <u>Brady</u> information and prior bad act evidence.

    **I.**    **Background**

    In or about August 2007, a cooperating witness ("CW-1") received information that a co-conspirator not named herein had lined up customers who wanted to purchase approximately twenty kilograms of cocaine from CW-1. On or about August 28, 2007, CW-1, acting at the direction of law enforcement, arranged to meet with two individuals, later identified as Miguel DeCastro and William Gonzalez. At the meeting, CW-1 informed DeCastro and Gonzalez that he would charge a delivery fee of $2,500 per kilogram of cocaine. Gonzalez stated that they had to make some phone calls to gather the money.

    On or about August 29, 2007, CW-1 again met with DeCastro and Gonzalez at the K-Mart Store. They discussed the transaction

The Honorable Colleen McMahon
January 29, 2008
Page 2

and then proceeded to the K-Mart Store parking lot to transfer the money.  DeCastro told CW-1 to pull his car alongside their car so that Gonzalez could test the cocaine before they paid the $25,000.  Shortly after CW-1 parked his car alongside DeCastro's car, DeCastro and Gonzalez were arrested.

After the arrest, the agents saw a hidden compartment, or "trap," in the area of the back seat of DeCastro's car.  The trap door had been opened already, so that four bundles of currency were in plain view.  The trap also contained a black bag, holding crack and powder cocaine.

After his arrest, Gonzalez was read _Miranda_ warnings and he agreed to speak to the agents.  In part and substance, Gonzalez stated the following (collectively, the "Post Arrest Statements"):

   a.  He went with DeCastro to meet with CW-1 on August 28, 2007 at the K-Mart Store.

   b.  After the meeting, they went to Danbury, Connecticut.

   c.  On the morning of August 29, 2007, Gonzalez and DeCastro drove to Manhattan.  They picked up a car with a trap in it and went to the K-Mart Store to pick up drugs from CW-1.

   d.  Gonzalez said that his job was to test the cocaine.  Specifically, he would cut open the package containing the cocaine with a razor blade and sniff some of the cocaine.  If the cocaine was good, Gonzalez would help DeCastro load the drugs into the car trap and give the money to CW.

### II.  Motion to Suppress Post-Arrest Statements

In his motion, Gonzalez contends that the Post-Arrest Statements should be suppressed because he does not recall being given _Miranda_ warnings and because his English is too poor to understand any advice of rights that he was given.  (Gonzalez Affirmation, ¶¶ 3-5).  The defendant's sworn affirmation provides the factual predicate for these arguments.

The defendant's affidavit presents material factual inconsistencies with the sworn Complaint, 07 Mag. 1445, that

The Honorable Colleen McMahon
January 29, 2008
Page 3

initially charged DeCastro and Gonzalez in this matter. As set forth in the background above, the Complaint states that Miranda warnings were given, and relates an interrogation in English that belies the defendant's claim that he cannot understand English sufficiently well to understand the warnings. Accordingly, the Government consents to a hearing in this matter in order to resolve the factual disputes.

Regarding the date for the hearing, a pretrial conference is currently scheduled for March 6, 2008. To the extent the Court intends to hold a hearing on that date, the Government would request an adjournment of approximately three weeks. I will be out of the office for much of February 2008 on paternity leave, making it difficult to prepare for a hearing in early March.

### III. Remaining Issues.

Gonzalez also moves for an order compelling the production of exculpatory material and the production of prior bad act evidence.

With respect to the production of exculpatory material, the Government is aware of its continuing obligation to disclose in a timely fashion any exculpatory evidence if such material comes to light, pursuant to Brady v. Maryland, 373 U.S. 83 (1963). As such, there is no basis for any remedial action by this Court. Indeed, courts in this District routinely deny requests for discovery orders pursuant to Brady where, as here, the Government has made a good-faith representation to the court and defense counsel that it recognizes and has complied with its disclosure obligations under Brady. See, e.g., United States v. Sanchez, 2003 WL 1900851, at *5 ("Brady establishes no general right to pretrial discovery, and gives rise to no pretrial remedies."); United States v. Greyling, 2002 WL 424655, *2; United States v. Savarese, 2002 WL 265153, *2 (S.D.N.Y. Feb. 22, 2002); United States v. Palermo, 2001 WL 185132, *1 (S.D.N.Y. Feb. 26, 2001). Accordingly, this motion should be denied.

With respect to the production of prior bad act evidence, the Government submits that the defendant's request is premature. The Government will file a letter advising the Court and the defendant of any prior bad act evidence that it seeks to admit at trial pursuant to Rule 404(b). Such letter will be provided to the defendant sufficiently far in advance of the trial to permit the defendant time to prepare for trial. At this time, where a trial date has not even been set, the request is premature. The Government requests that the Court deny the

The Honorable Colleen McMahon
January 29, 2008
Page 4

defendant's motion in this respect, and instead set a deadline for such prior bad act evidence at the same time that the Court schedules the trial. Such notice would fully comply with Rule 404(b)'s requirement that the Government provide "reasonable notice in advance of trial . . . of the general nature of any such [prior bad act] evidence it intends to introduce at trial."

                               Very truly yours,

                               MICHAEL J. GARCIA
                               United States Attorney
                               Southern District of New York

                 By:    /s/ William J. Harrington
                               William J. Harrington
                               Assistant United States Attorney
                               (212) 637-2331

cc:   Kelley J. Sharkey
      (By ECF)